FILED: BANKRUPTCY NJ
2026 MAR 23 PM 4:04:0

**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

■ Valuation of Security     ■ Assumption of Executory Contract or unexpired Lease     ■ Lien Avoidance

Last revised: November 14, 2023

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In Re: *Maxine Murray*

Case No.: *26-11316*

Judge: *Gravelle*

*Alleged* Debtor(s)

## Chapter 13 Plan and Motions

☐ Original
☐ Motions Included

☑ Modified/Notice Required
☐ Modified/No Notice Required

Date: *March 23, 2026*

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

### YOUR RIGHTS WILL BE AFFECTED

The Court issued a separate Notice of the Hearing on Confirmation of Plan, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the Notice. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the Chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

> The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.

THIS PLAN:

☑ DOES ☐ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☑ DOES ☐ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY, AND SPECIFY: ☐ 7a / ☑ 7b / ☐ 7 c.

☐ DOES ☐ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY, AND SPECIFY: ☐ 7a / ☐ 7b / ☐ 7 c.

Initial Debtor(s)' Attorney: _____ Initial Debtor: _____ Initial Co-Debtor: _____

**Part 1:  Payment and Length of Plan**

a.  The debtor shall pay to the Chapter 13 Trustee $ _____monthly for _____months starting on the first of the month following the filing of the petition. (If tier payments are proposed) : and then $_____per month for _____months; $_____per month for _____months, for a total of _____months.

b.  The debtor shall make plan payments to the Trustee from the following sources:

   ☐   Future earnings

   ☐   Other sources of funding (describe source, amount and date when funds are available):

   *N/A Validation of debt must be verified and placed into the court record first.*

c.  Use of real property to satisfy plan obligations:

   ☐ Sale of real property
   Description:
   Proposed date for completion: _*See part 10*_

   ☐ Refinance of real property:
   Description:
   Proposed date for completion: _*see part 10*_

   ☐ Loan modification with respect to mortgage encumbering real property:
   Description:
   Proposed date for completion: _*See part 10*_

d.  ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification. See also Part 4.  _*See part 10*_

   ☐ If a Creditor filed a claim for arrearages, the arrearages ☐ will / ☐ will not be paid by the Chapter 13 Trustee pending an Order approving sale, refinance, or loan modification of the real property.

   *See part 10*

e.  For debtors filing joint petition:  *N/A*

   ☐ Debtors propose to have the within Chapter 13 Case jointly administered. If any party objects to joint administration, an objection to confirmation must be timely filed.  The objecting party must appear at confirmation to prosecute their objection.

   Initial Debtor: _____Initial Co-Debtor: _____

*None*

## Part 2: Adequate Protection   : NONE

a. Adequate protection payments will be made in the amount of $_____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____(creditor). (Adequate protection payments to be commenced upon order of the Court.)

b. Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s), pre-confirmation to: _____(creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise: *See part 10*

| Name of Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ |
| DOMESTIC SUPPORT OBLIGATION | | |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one: *See part 10*
☐ None
☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Name of Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

**Part 4    Secured Claims**

**a.   Curing Default and Maintaining Payments on Principal Residence: ☑ NONE**

The Debtor will pay to the Trustee allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor monthly obligations due after the bankruptcy filing as follows:

| Name of Creditor | Collateral or Type of Debt (identify property and add street address, if applicable) | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor by Trustee | Regular Monthly Payment Direct to Creditor |
|---|---|---|---|---|---|
| | | | | | Debtor shall pay the regular monthly payment pursuant to the terms of the underlying loan documents unless otherwise ordered. |

**b.   Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☑ NONE**

The Debtor will pay to the Trustee allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor monthly obligations due after the bankruptcy filing as follows:

| Name of Creditor | Collateral or Type of Debt (identify property and add street address, if applicable) | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor by Trustee | Regular Monthly Payment Direct to Creditor |
|---|---|---|---|---|---|
| | | | | | Debtor shall pay the regular monthly payment pursuant to the terms of the underlying loan documents unless otherwise ordered. |

**c.  Secured claims to be paid in full through the plan which are excluded from 11 U.S.C. 506: ✓ NONE**

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral (identify property and add street address, if applicable) | Interest Rate | Amount of Claim | Total to be Paid Including Interest Calculation by Trustee |
|---|---|---|---|---|
|  |  |  |  |  |

**d.  Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments ✓ NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES the appropriate motion to be filed under Section 7 of the Plan.**

| Name of Creditor | Collateral (identify property and add street address, if applicable) | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid by Trustee |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes all Plan payments, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

e.  Surrender ✓ NONE

Upon confirmation, the automatic stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 shall be terminated in all respects. The Debtor surrenders the following collateral:

| Name of Creditor | Collateral to be Surrendered (Identify property and add street address, if applicable) | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

f.  Secured Claims Unaffected by the Plan ✓ NONE

The following secured claims are unaffected by the Plan:

| Name of Creditor | Collateral (identify property and add street address, if applicable) |
|---|---|
|  |  |

g. Secured Claims to be Paid in Full Through the Plan: ✓ NONE See part 10

| Name of Creditor | Collateral (identify property and add street address, if applicable) | Amount | Interest Rate | Total Amount to be Paid through the plan by Trustee |
|---|---|---|---|---|
|  |  |  |  |  |

**Part 5:   Unsecured Claims** ☐ NONE

a. **Not separately classified allowed non-priority unsecured claims shall be paid:**

☐ Not less than $ _____ to be distributed *pro rata*

☐ Not less than _____ percent

☐ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured claims shall be treated as follows:** *See part 10*

| Name of Creditor | Basis For Separate Classification | Treatment | Amount to be Paid by Trustee |
|---|---|---|---|
| | | | |

✓ None

**Part 6:   Executory Contracts and Unexpired Leases** ☐ NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Name of Creditor | Arrears to be Cured and paid by Trustee | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment to be Paid Directly to Creditor by Debtor |
|---|---|---|---|---|
| | | | | |

✓ none

**Part 7:    Motions   : NONE**

NOTE: All plans containing motions must be served on all affected lienholders, together with local form, Notice of Chapter 13 Plan Transmittal, within the time and in the manner set forth in D.N.J. LBR 3015-1. A Certification of Service, Notice of Chapter 13 Plan Transmittal, and valuation must be filed with the Clerk of Court when the plan and transmittal notice are served

a. Motion to Avoid Liens Under 11. U.S.C. Section 522(f). ✓ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Name of Creditor | Nature of Collateral (Identify property and add street address, if applicable) | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

b. Motion to Avoid Liens and Reclassify Claim From Secured to Completely Unsecured. ✓ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Name of Creditor | Collateral (identify property and add street address if applicable) | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| | | | | | | |

8

c. **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☑ NONE *see part 10*

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Name of Creditor | Collateral (identify property and add street address, if applicable) | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

d. Where the Debtor retains collateral, upon completion of the Plan and issuance of the Discharge, affected Debtor may take all steps necessary to remove of record any lien or portion of any lien discharged.

## Part 8:   Other Plan Provisions

a. **Vesting of Property of the Estate** *See part 10*

☐   Upon confirmation

☐   Upon discharge

b. **Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

c. **Order of Distribution**

The Trustee shall pay allowed claims in the following order:

1) Chapter 13 Standing Trustee Fees, upon receipt of funds

2) _____

3) _____

4) _____

5) _____

6) _____

d. **Post-Petition Claims**

The Trustee ☐ is, ☑ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

✓ none

## Part 9:   Modification  ☐ NONE

NOTE: Modification of a plan does not require that a separate motion be filed. A modified plan must be served in accordance with D.N.J. LBR 3015-2.

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being Modified: _____.

Explain below why the plan is being modified:

See part 10

Are Schedules I and J being filed simultaneously with this Modified Plan?   ☐ Yes   ☐ No

## Part 10: Non-Standard Provision(s):

Non-Standard Provisions:

☐ NONE

☑ Explain here:

See attached 3 pages, Maxine Murray's Chapter 13 Plan,
Modified Notice

Any non-standard provisions placed elsewhere in this plan are ineffective.

**Signatures**

The Debtor(s) and the attorney for the Debtor (if any) must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, *Chapter 13 Plan and Motions.*

I certify under penalty of perjury that the above is true.

Date: _03-23-2026_     Alleged By: _Maxine Murray_
                       Alleged Debtor

Date: _____     _____
                          Joint Debtor

Date: _____     _____
                          Attorney for the Debtor(s)

**Maxine Murrays Chapter 13 Plan, Modified Notice, NON-STANDARD PROVISIONS, Part 10
Bankruptcy Court Case # 26-11316**

Allegation is not evidence, and Why Maxine Murray has a Right and deserves this bankruptcy's court
protection from the evil deceptive debt collectors at KML law group, alleged agents, who are without
proof of authority on the record. The Plaintiff in error, the alleged creditor, is without proof of holder in
due course with required sworn evidence presented before a court of record ever. An allegation on
paper is not proof; Assumption does not meet the legal standard of standing to support a foreclosure,
and does not qualify as extreme evidence to take someone's home based on an unlawful foreclosure by
fraud on the court.

Plaintiff in error, the debt collector, the alleged creditor in Maxine's case, which Maxine is seeking this
bankruptcy courts protection from and has never proven a lawful basis to foreclose on her home.
They have never proven lawful standing, never proven subject matter jurisdiction, never proven proof
of ownership of the Note, never proven proof of loan or lawful consideration, never proven proof of
holder in due course, never proven a valid debt validation pursuant to FDCPA, FCRA,TILA and
RESPA, never proven proof of lawful security interest under a UCC 11, never proven proof of a valid
trust, never proven the filing of a 1099 OID proof of original source of funds, never proven proof of a
filed IRS Form 56 fiduciary appointment authority or Form 2848 power of attorney. They have never
proven that they are not in violation of title 26 USC 7201, concealment of securities which is a fraud;
concealment of 1099A; CUSIP number and bond security disclosure, which is possibly a violation of
section 7206; and SEC Rule 10b-5 securities violation, and possibly other IRS tax violations .

When the Plaintiff in error, the debt collector, the alleged creditor, was in Monmouth county state
court, they never proved standing at the inception of their lawsuit. This fact Matters, standing in all
courts is not optional, it is mandatory, it must exist at the moment the lawsuit is filed, and not created
latter or corrected latter, it must be proven at the inception or any judgment derived without it is a fraud
on the court, and is not just voidable, but is legally void on its face and requires immediate dismissal
with prejudice.

What we see of record is Plaintiff in error, the debt collector as the alleged creditor, who has
never shown proof of ownership of the Note; never shown proof of original instrument; never shown
proof of unbroken chain of title; never shown proof of a loan, nor proof of lawful consideration given
from the alleged creditors own funds; never shown proof of valid proof of service; never shown proof a
valid default; never shown proof of a testimony of records that anyone can properly authenticate;
never shown proof to satisfy a condition precedent under the mortgage for proof of a compliant notice
of default, nor proof of verified accounting from a competent fact witness with first-hand knowledge
of how the records were created and/or authenticated.

What we see of record in this case matter is a shifting story, multiple entity assignments, that appear
after the fact. The record in this matter represents that the Plaintiff in error from state court, the debt
collector, the alleged creditor violated federal and state laws. The Plaintiff in error violations named
herein show evidence of perpetrating fraud on the court by violating Maxine's rights in Law, when they
did not perform a debt validation and convened a lawsuit, without standing and jurisdiction, which
forced **Maxine** into the bankruptcy court to seek this courts lawful protection against a very evil
deceptive predatory debt collector; who should be sanctioned 500,000 Dollars, USD, and fined by this
court for perjury and various other frauds and schemes they are engaged in, when they engaged in
attempting to steal **Maxine's** home by the use of deceit, concealment, misrepresentation, fraud, and

possibly RICO, and possible tax fraud schemes, using UDAAPs (Unfair Deceptive Acts and Practices). The following is a short list of the violations being done to Maxine and warrants the bankruptcy court affording Maxine bankruptcy court protections in Law, as the Plaintiff in error, the debt collector, the alleged creditor, is violating state and federal law and should not be rewarded for doing so.

**Violation Category 1** – False Representation of the Debt, (§1692e) FDCPA prohibits ANY false, deceptive, or misleading representation, including:
 • incorrect balance • incorrect fees • misstated default date • hiding assignment history • mislabeling the true creditor • misstating legal rights • no error free accounting  under GAAP, no threatening foreclosure /repossession without legal/ lawful authority, proof of valid consideration, nor proof of valid contract.

**Violation Category 2 – Failure to Validate the Debt, (§1692g(b))**

If you/they continue: • threats • calls • letters • foreclosure /repo activity • litigation →

absolute punishable FDCPA violation.

**Violation Category 3 – Failure to Report the Debt as Disputed, (§1692e(8))**
**When a consumer reports a** debt in dispute, ANY further credit reporting must state:
 **"Consumer disputes this debt."** If you or they omit this language, **it is a violation.**

**Violation Category 4 – Unauthorized Foreclosure /Repossession Threats, (§1692f(6))**
It is illegal to take or threaten to take property without present legal right to possession, including: • invalid assignments • unperfected liens • failure to follow Article 9 • no standing • lack of lawful owner authorization • defective notice of default • wrongful deficiency claims • foreclosure/repossession ordered by wrong party.

**Violation Category 5 – Misrepresenting Legal Authority, (§1692e(5))**
Collectors cannot: • threaten lawsuits they cannot file • threaten garnishment without proof of lawful authority • misstate legal consequences • misstate the amount needed to avoid foreclosure /repossession • impersonate attorneys or Governmental agencies / no oath /no proof of surety / hazard bonding / no Form 56 / no proof of contract of appointment / no Proof of Power of Attorney or LPOA.

**Violation Category 6 – Communicating With Third Parties, (§1692c(b))**
 Debt Collectors are prohibited from: • calling employers • calling family members  • telling neighbors • disclose debt to third parties for the purpose of harassment and telephonic abuse.
|**Each disclosure = $1,000 violation**

**FDCPA Validation Demand, (1692g(b)) the following matters are in dispute:**
 • creditor identity • balance • fees • chain of title • assignments • security interest • payment history • default calculation.

**All collection activity against Maxine's home must be abated until full sworn validation and verification is on the Record, under penalty of perjury with proof of valid claim, and "lawful consideration is evidenced and provided into this court of record." If evidence is not provided on the record, the alleged creditor should be sanctioned and fined, the state court case should be vacated as void, Maxine should  get her home quiet titled and returned back to her free and clear of any claim; and the alleged debt discharged in full with prejudice, and any other good and just remedy this court should honor Maxine with, for the elder abuse and cruel and unusual punishment inflicted upon her by the legal system.**

**Debt collector and Plaintiff in error records** are unreliable because they violated Federal law, by reporting false information, by previously refusing to validate the debt when demanded to do so, with notice to agent is notice to principal and notice to principal is notice to agent .

**You are demanded to Cure the following**
FDCPA §1692e violations (false representations)
§1692g(b) violations (for failure to validate) •
§1692e(8) violations (failure to report disputed status) •
§1692f(6) violations (illegal foreclosure /repossession threats) •
§1692e(5) violations (misstating legal rights)

You are demanded to cure these above listed items and to provide additional debt validation, as demanded herein.  Maxine Murray hereby reserves the Right to amend this Chapter 13 Plan, "NON-STANDARD PROVISIONS" as necessary.